Shirley ALEXANDER and William E. Alexander, Plaintiffs-Appellants,

v.

Harrison SOWDERS, Defendant-Appellee.

No. 20751.

United States Court of Appeals, Sixth Circuit.

May 20, 1971.

J. C. Helton, Pineville, Ky., for plaintiffs-appellants; Robert O. Smith, Cincinnati, Ohio, on brief.

Robert L. Milby, London, Ky., for defendant-appellee; Hamm, Taylor, Milby & Farmer, London, Ky., on brief.

Before WEICK, PECK and KENT, Circuit Judges.

PER CURIAM.

This action, which was removed to the District Court from the Circuit Court of Bell County, Kentucky, arose out of a vehicular accident which occurred June 11, 1968. The District Judge sustained the defendant's motion to dismiss the action and this appeal followed.

It is established by his affidavit, and remains uncontroverted, that one of plaintiffs-appellants' attorneys traveled to the county seat of Bell County, Kentucky, and filed the original complaint on June 9, 1969. It is further established, and is uncontroverted, that summons was issued thereon by the deputy clerk of the Bell County Circuit Court, but much of what transpired thereafter is less clear. Appellants contend that subsequent to said filing their attorney learned that appellee was "probably" not a resident of Kentucky and that he thereupon retained a Bell County lawyer, J. C. Helton, as associate counsel. On the following day, said local counsel revised the complaint by having it retyped to include a new paragraph containing an averment which invoked the provisions of the Kentucky nonresident motorist service statute. This revised complaint was also marked filed by Deputy Clerk Donna Helton, who also signed an attestation indicating its filing June 9, 1969, the day prior to its actual presentation. The record further contains a copy of a letter written by Attorney Helton June 9, 1969, to the sheriff of Franklin County, Ken-

tucky, directing service on the Secretary of State of Kentucky under the provisions of the nonresident motorist service statute. However, the envelope in which the letter was delivered was postmarked June 12, 1969, and it was stamped received by the clerk of the Franklin County, Kentucky, court on June 13, 1969. On that date the Secretary of State acknowledged receipt of the summons and complaint and mailed them to the appellee at Gulfport, Mississippi.

The controlling statute of limitations is Kentucky Revised Statute 413.140, which requires the commencement of such an action within one year. No reference to that statute of limitations, nor indeed to any other statute of limitations, is contained in the order of dismissal appealed from nor in the Memorandum Opinion upon which it is predicated. However, a fair reading of the latter indicates that the passage of time is held to be a fatal bar to the action, since avoidance of the statute could only have been accomplished by the filing of the complaint and the issuance of summons on or before June 10, 1969. After a recital of the pertinent facts outlined above, the Memorandum Opinion continues, "[S]aid complaint as altered and revised was not legally filed in the Clerk's office and no process was legally issued thereon as so altered and revised. * * * It does now appear to the Court that the Complaint appearing of record in this action was never legally filed in the Clerk's office of the Bell Circuit Court nor was the process legally issued thereon directed to the Sheriff of Franklin County, Kentucky." This mixed finding of fact and conclusion of law cannot be said not to be supported by substantial evidence nor to be clearly erroneous, and the judgment of the District Court will therefore be affirmed.

Subsequent to the submission of this appeal on the record and briefs and oral arguments of counsel, plaintiffs-appellants filed a motion to supplement the record, which is denied. We observe, however, that no evidence which has been proffered or referred to would dictate a conclusion other than that hereinabove reached.